RECEIVED

APR 1 9 2022

BY MAIL

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

ISRAEL ANGELES MOCTEZUMA,                 : Case No. 4:19-cv-2858    CDP
                          Petitioner.     :
                                          : **MOTION FOR LEAVE TO FILE**
-VS-                                      : **SUPPLEMENTAL MOTION TO GOVERNMENT'S**
                                          : **RESPONSE TO PETITIONER'S PENDING**
UNITED STATES OF AMERICA.                 : **28 U.S.C. 2255 MOTION.**
                          Respondent.     :

    **COMES NOW**, petitioner, Israel Angeles Moctezuma, ("Petitioner" herein) appearing pro-se who respectfully submits this reply before this Honorable Court.

    Petitioner would show this court that the district court did not advise Petitioner that the government would have to prove the drug quantity beyond a reasonable doubt - Rules 11(b)(1)(C) and 11(b)(1)(G). Counsel was "mere presence" at the proceedings, he ushered Mr. Moctezuma into a 'negotiated' plea... Petitioner thought he was pleading to ten years. He agreed with the court's questions at the colloquy because he assumed, and was not informed otherwise that such was more than a 'formality'. Petitioner simply was not informed and took his plea based on misinformation and lack of information - lack of disposal and deficiency of counsel. Petitioner humbly prays that this court will vacate his sentence in light of counsel's deficiency and the district court's failure to adhere to the mandate(s) of Rule 11.

DATE : 4-13-22

                                                *Israel Angeles Moctezuma*
                                                Israel Angeles Moctezuma,
                                                pro-se

## I. ARGUMENT

THERE WAS NO FACTUAL BASIS FOR PETITIONER'S PLEA UNDER RULE 11(b)(3) AS
THE GOVERNMENT DID NOT ALLEGE 'FACTS', SPECIFICALLY THE COURT DID NOT
DISCUSS THE ELEMENTS OF THE DRUG CONSPIRACY CHARGE. SEE FED. R. CRIM. P
11(b)(1)(G). (SEE ARUMENT A).
ARGUMENT B - THE DISTRICT COURT ALSO FAILED TO COMPLY WITH THE DICTUMS
OF 11(b)(1)(C) and 11(b)(1)(G) - THE COURT FAILED TO ADVISE PETITIONER
THAT BEFORE ACCEPTING A GUILTY PLEA, THE DISTRICT COURT **MUST ADVISE**
THE DEFENDANT THAT THE GOVERNMENT WOULD HAVE TO PROVE TO THE JURY
BEYOND A REASONABLE DOUBT ANY QUANTITY OF DRUGS THAT WOULD EXPOSE THE
DEFENDANT TO A HIGHER STATUTORY MAXIMUM/MINIMUM SENTENCE. COUNSEL DID
NOT OBJECT TO THE  SUBSTANDARD RULE 11 PROCEEDINGS.  HE ALLOED THE
PETITIONER TO PLEA GUILTY WITHOUT UNDERSTANDING THE NATURE AND THE ELEMENTS
OF THE CHARGES AGAINST HIM. HAD PETITIONER BEEN DISPOSED TO, AND 'UNDER-
STOOD' THE ELEMENTS OF THE CHARGES AGAINST HIM (*and that a  jury would
have to prove these elements beyond a reasonable doubt if he  went to
trial -  THEN HE CERTAINLY WOULD HAVE PROCEEDED TO TRIAL.

Before accepting a guilty plea, a district court is required to inform

a defendant of, and ensure that he understands, "any maximum possible

penalty, including imprisonment, and term of supervised release." Fed. R.

Crim. P. 11(b)(1)(H). The court must also ensure that the defendant

understands any mandatory penalty he faces. Fed. R. Crim. P. 11(b)(1)(I).

At the outset  of the plea hearing, petitioner was under oath. (Tr. Plea,

pg.3) Petitioner acknowledged that he could hear and understand what was

taking place. (Tr. Plea, p.4). During the colloquy, the  Court advised

petitioner "the crime you are pleading guilty to carries a mandatory

minimum sentence of 10 years and maximum imprisonment of Life (Tr.

Plea p.8).  The Court also explained that his "sentence will also be

affected by the sentencing guidelines." (Tr. Plea, p.9).... Rules 11(b)

(1)(C) and 11(b)(1)(G) of the Federal Rules of Criminal Procedure require

a district court to ensure that the defendant understands his "right to

a jury trial" and "the nature of the charge" before it accepts the guilty

plea. For drug offenses, this rule means that, "before accepting a  guilty

plea, the district court must advise the  defendant that the government

would have to prove to the  jury beyond a reasonable doubt any quantity

of drugs that would expose the defendant to a higher (cont.)

statutory maximum/minimum sentence. UNITED STATES V. MINROE, 292 F.3d 1109, 1113 (9th Cir. 2002).

Here, although the district court advised petitioner generally that the government would have to prove the elements of the offense beyond a reasonable doubt, it did not advise him what those elements were. Nowehere did the court advise petitioner that the government would have to prove drug quantity beyond a reasonable doubt if he went to trial. This plainly violate Rule 11. MINORE, 292 F.3d at 1117; see also UNITED STATES V. PENA, 314 F.3d 1152, 1156 (9th Cir. 2003) (plain Rule 11 violation where court merely asked defendant whether he had read plea agreement and asked attorney whether he understood elements of the offense.) Accordingly, the first two prongs of the plain error test articulated in UNITED STATES V. OLANO, 507 U.S. 725 (1993),are satisifed (*petitioner understands that at his standard at this juncture is ineffective assistance of counsel, SEE STRICKLAND V. WASHINGTON.)*

Petitioner did not know the 'significance' of admitting the amount of actual methamphetamine involved in the offense (*50 grams or more). He felt that, as forementioned, that such admission was mere 'lip service' he had no idea that such admission would set his sentencing range and subject him to a mandatory sentence of tem years (*sentencing range 10-life). There was absolutely no benefit in petitioner not proceeding to take the case to trial. He could not have fared much worse considering the sentencing he received after the court calculated and applied sentencing enhancements. Had the Court at Rule 11 proceedings (colloquy) explained that the drug quantity would have to be proved if petitioner went to trial, then petitioner would have understood the pertinence and imperativeness of such an admission.

---

*The Supreme Court has established that when a defendant pleads guilty without proper advice under Rule 11, he may appeal the conviction under at least a plain error standard, VONN, 535 U.S. at 59, with relief potentially available where the defendant can show 'a reasonable probability, but for the error, he would not have entered the plea.' UNITED STATES V. DOMINGUEZ BENITEZ, 542 U.S. 74, 83 (2004).

B. THE DISTRICT COURT FAILED IN ENSURING THAT PETITIONER UNDERSTOOD THE
NATURE OF THE OFFENSE TO WHICH HE WAS PLEADING, SPECIFICALLY THE
CONSPIRACY CHARGE. COUNSEL DID NOT OBJECT WHEN THE DISTRICT COURT
FAILED TO FULFILL THE MANDATES OF FED. R. CRIM. P. 11(b)(1)(G).

Fed. R. Crim. P. 11(b)(1)(G) requires the district court to inform
the defendant of and to ensure he understands the nature of the offenses
to which he is pleading. While the procedures mandated by Rule 11 are
not themselves constitutionally required, the court is constitutionally
required to determine that a defendant's plea is truly voluntary. Moreover,
because a guilty plea is an admission of all the elements of a formal
criminal charge, it cannot be truly voluntary unless the defendant
possessses an understanding of the law in relation to the facts. In
most cases, therefore, some rehearsal of the elements of the offense
is necessary.

The elements of a 21 U.S.C. 846 drug conspiracy involving a sentence-
enhancing quantity are as follows : First: two or more persons agreed
to vioate the federal drug laws; Second: the defendant knew the essential
objective of the conspiracy; Third: the defendant knowingly and volun-
tarily involved himself in the conspiracy; and Fourth: there was inter-
dependence among the members pf the conspiracy. Fifth : the overall scope
of the conspiracy invoved at least the named amount of the named controlled
substance.

Petitioner pleaded guilty to the conspiracy charge without the benefit
of a plea agreement. At the plea hearing petitioner acknowledged that
he could hear and understand the interpreters, and that he understood
what was taking place. (Tr.Plea, p.4). During the colloquy, the Court
advised petitioner "the crime you are pleading carries a mandatory
minimum sentence of 10 years and a maximum imprisonment of life - a
maximum of life imprisonment." (Tr. Plea, p.8). To further clarify,
the Court added, "the sentence must be a minimum of 10  years, and it will be
a maximum of life." (Tr. Plea, p.8). Petitioner acknowledged that he
he understood. (Tr. Plea, p.8).

Petitioner's guilty plea obviated the need for a jury trial and as a result his offense level was calculated under the preponderance of evidence standard, based upon his own admissions. Petitioner was unquivocally unaware that his own admissions would be the preponderance of evidence needed to prove his threshold drug amount, which set his guideline range at 10 - Life. Petitioner did not know that the drug amount he essentially plead to was an element of the offense that the jury would have to prove beyond a reasonable doubt if he took the case to trial.

A district court must reject a defendants plea if it lacks a factual basis, even if the plea is knowingly and voluntarily made. Thus, whether the defendant would have plead guilty in spite of Fed. R. Crim. P. 11(b)(3) error is irrelevant; the issue is whether the district court's alleged error in accepting the plea had substantially effected his rights. Petitioner avers that his right (4th,5th,6th) have been substantially effected in the district court's  acceptance of the plea. Petitioner further avers that counsel was ineffective at the plea bargaining stage (*LAFKER V. COOPER, MISSOURI V. FRYE) in failing to advise him of the elements of the charges and also holding the district court to the crucible(s) inhered in Rule 11 proceedings.

Petitioner contends that in addition to not being informed of the factual basis for the plea, regarding the fact that at trial the jury would have to prove the drug amount beyond a reasonable doubt - he avers that the district court failed to inform his as to the elements  of drug conspiracy.

The Court also explained to petitioner that his "sentence will also be affected by the sentencing guidelines." (Tr. Plea, p.9)... The probation office concluded petitioner's base offense level should be 38, finding that the quantity of actual methamphetamine for which he was accountable was in excess of 4.5 kilograms. Petitioner timely objected to the Pre-Sentence Investigation Report. Specifically, he objected to the Base Offense Level 38, arguing "the only conduct he should be held accountable for is 50 grams of actual methaphetamine in that this all he admitted to at his plea" (DCDC #2296, p.1)....

"Before the court accepts a plea of guilty... it must address, the court must inform the defendant of, and determine  that the defendant understands... the nature of each charge to which the defendant understands... the nature of each charge to which the defendant is pleading..." Fed. R. Crim P.(b)(1)(G). "Rule 11 of the Federal Rules of Criminal Procedure is designed to assist the district judge in making the constitutionally required determination that a defendant's plea is truly voluntary." Ferrel, 603 F.3d at 762. In most cases, to comply with the dictates of Rule 11(b)(1)(G), a district court to ensure the defendant understands the "essential" elements of the offense to which he pleads guilty. SEE BOUSLEY V. UNITED STATES, 523 U.S. 614, 618-19, 118 S. Ct. 1604, 140 L.Ed. 2d 828(1998).

Here the record does not establish a factual basis for petitioner's plea and, therefore, he is entitled to relief exclusively on the basis of the district court's failure to comply with Rule 11(b)(3). "Before entering judgement on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). To determine whether a factual basis exits for the defendant's plea, the district court must compare the conduct admitted or conceded by the (cont.)

7.

defendant with the elements of the charged offense to ensure the admissions

are factually sufficient to constitute the charged crime. UNITED STATES

V. CULBERTSON, 670 F.3d 183, 191 (2d Cir. 2012) Specifically concerning

the  factual basis (*lack thereof)  of petitioner being held for a

drug quantity (*50 grams or more) - there was no factual basis for

whether that amount was within the scope of the agreement and if

it was reasonably foreseeable to him. UNITED STATES V. DEWBERYY, 790

F.3d 1022, 1030 (10th Cir. 2015).

SEN. TR. 13, 19-22 - WELL, JUDGE, I TALKED TO MY CLIENT MANY TIMES. MY
CLIENT WILL AGREE THAT HE AGREED WITH OTHERS IN THE INDICTMENT TO
CONSPIRE AND DISTRIBUTE METHAMPHETAMINE OVER 50  GRAMS.

The record in this case lacks an adequate factual basis for petitioner's

guilty plea to a conspiracy involving at least 50 grams of meth. In

particular, the record is devoid of evidence supporting the existence

of interdependence and foreseeability as to that quantity.

Because his counsel allegedly "discussed" this with his client does not

mean there was actual 'factual basis' for the plea. Such admission

further shows counsel's temerity and deficiency. Reasonable counsel

would not have 'discussed' and admitted in open court a drug amount

in which there was not factual basis for.  The Court in the coloquy

stated to petitioner TR. 14. -  ... IN THE PROCESS OF WHAT YOU'RE TELLING
ME IS THIS CONSPIRACY, DID YOU AGREE WITH OTHER PEOPLE THAT METHAMPHETAMINE
WOULD BE BROUGHT INTO MISSOURI FROM OTHER PLACES AND THEN BROKEN DOWN AND
DISTRIBUTED TO PEOPLE IN MISSOURI ?

A. YES

Q. AND DID YOU KNOW THAT THE AMOUNT OF METH. WAS 50 GRAMS OF ACTUAL

METH?

A. YES (10-18)

There is a clear lack of factual basis in this instant colloquy/proceeding.
The district court's vague rendition of events/'elements' **did not MEET THE
PRONGS/ELEMENTS REQUIRED FOR CONSPIRACY.** There was no factual basis that there
was interdependence among the members of the conspiracy. As aforementioned
the court vaguely mentioned 'other people' regarding an agreement to
distribute meth. in and outside of Missouri. The other people were not
named as individuals nor as co-conspirators. There simply was no showing
of interdependence among memebrs of the conspiracy. Here the district
court did not adhere to the mandates of R.11 virtually in its entirety.
The district court's Rule 11(b)(3) error affected petitioner's substantial
right. His counsel's performance was clearly deficient in allowing the
district court to error in such a manner without making any objection
to ensure that petitioner understood the charges against him and the
elements thereof.

9.

It is, of course, axiomatic that all defendants "have a Sixth Amendment right to counsel... that extends to the plea-bargaining process." LAFLER V. COOPER, 132 S. Ct. 1376, 1384 (2012). In order to state a cognizable claim of ineffective assistance of counsel during the plea bargaining process in this case, petitioner must establish (1) that counsel's performance was constitutionally deficient, and (2) that the deficient performance prejudiced his defense. STRICKLAND V. WILLIAMS, 466 U.S. 668, 700 (1984). Under this framework, petitioner bears the "heavy burden" of proving both constitutional deficiency and prejudice. BROWN V. UNITED STATES, 311 F.3d 875, 878 (8th Cir. 2002); PATTERSON V. UNITED STATES, 133 F.3d 645, 647 (8th Cir. 1998); UNITED STATES V. APFEL, 97 F.3d 1074, 1076 (8th Cir. 1996)

To meet this burden under the first prong of the STRICKLAND test, [he] must not only prove that his counsel made errors, but that those errors were "so serious that counsel was not functioning as the 'counsel' guaranteed... by the Sixth Amendment." STRICKLAND, 466 U.S. at 687, Far from guaranteeing exceptional performance of counsel, the Sixth Amendment guarantees only "reasonable effective assistance" of counsel.Id at 688. Under this standard, counsel is entitled to a "strong presumption" that his conduct falls within the wide range of professionally reasonable assistance, NGUYEN V. UNITED STATES, 114 F.3d 699, 703-03 (8th Cir. 1997) (quoting STRICKLAND, 466 at 689).

10.

Even if petitioner succeeds in demonstrating that his counsel made errors of constitutional proportion, he still cannot prevail unless he proves that in the absence of those errors, the outcome of the proceedings would have been different. STRICKLAND, 466 U.S. AT 697 ("If it is easier to dispose of an ineffective assistance claim on the ground of lack of sufficient prejudice... that course should be followed.") Because he entered a plea of "guilty," in order to demonstrate prejudice, he must demonstrate "that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty but would have proceeced to trial." UNITED STATES V. DAVIS, 508 F.3d 461m 463 (8th Cir. 2007). Petitioner asserts that he was proceeding to trial but 'stopped' trial due to the fact that he thought he would be able to plea to a 10 year sentence. Had he known that he would receive a 30 year sentence he certainly would have proceeded with the right to invoke his Sixth Amendment.

Because petitioner entered a plea of "guilty," in order to demonstrate prejudice, he must demonstrate "that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty but would have proceeded to trial. UNITED STATES V. DAVIS, 508 F.3d 461, 463 (8th Cir. 2007)

As aforementioned petitioner could not have fared much worse at trial. Petitioner had no idea that the drug amount was an element of the offense, one that a jury would have to prove at trial beyond a reasonable doubt. Because the court did not ensure that petitioner knew and understood this element there is no way his plea was 'voluntarily' made. Had he known the just would have had to prove this element beyond a reasonable doubt he would have proceeded to trial, thus excersising his Sixth Amendment. Counsel was ineffective at the plea bargaining stage because he failed to ensure that petitioner understood the nature and the elements of the charges against him.

11.

CONCLUSION

"It is a basic rule of law in the federal courts that a plea of guilty must be knowing, intelligent, and voluntarily made. All parties, including the prosecutor, defense counsel, and judge, should strive to ensure that defendants understand the terms and consequences of guilty pleas..."

"Rule 11 is 'meant to ensure that a guilty plea is knowing and voluntary,' UNITED STATES V. VONN, 535 U.S. 55, 58 (2002), and the district court must follow a certain protocol designed to achieve that end. SEE UNITED STATES V. GRAY, 581 F.3d 749, 752 (8th Cir. 2009)

Counsel was 'mere presence' at petitioner's plea stage - counsel never explained certain elements to the petitioner, nor did the court's Rule 11 colloquy fully explain to petitioner 'all' the elements of the charges to which he was pleaing. Because allegations have been made outside the records and files of this case, petitioner seeks this court, pursuant to STRICKLAND V. WASHINGTON, to grant him an evidentiary hearing - at the minimum.  Because his plea was made unkowingly and counsel failed to object and or explain the elements of the charges to him, petitioner seeks this court to vacate his plea and remand the case to the district court for further proceedings.

12.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THIS MOTION HAS BEEN
FILED *(deposited in the internal mail system here at USP LOMPOC) AND
MAILED VIA U.S. MAIL, POSTAGE PRE-PAID, FIRST CLASS, AND FORWARDED TO

⟵ 76035-097 ⟶
Clerk Of Us District Court
111 S 10TH ST
Saint Louis, MO 63102
United States

DATE :4-13-2022

Israel Angeles Moctezuma
Israel Angeles Moctezuma,
pro-se

Israel Angeles-Moctezuma
76035-097
LOMPOC UNITED STATES PENINTENTIARY
3901 KLEIN BLVD.
LOMPOC, CA 93436



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
**CERTIFIED MAIL®**

7020 0640 0000 9961 6064

Santa B

Attn.:

Clerk of the Court

(Legal Mail)

⇔76035-097⇔
Clerk Of Us District Court
111 S 10TH ST
Saint Louis, MO 63102
United States

RECEIVED
APR 1 9 2022
BY MAIL