UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ISRAEL ANGELES-MOCTEZUMA, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 4:19 CV 2858 CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# **MEMORANDUM & ORDER**

This matter is before the Court on Israel Angeles-Moctezuma's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In 2018, Angeles-Moctezuma pleaded guilty to one count of conspiracy to distribute in excess of fifty grams of actual methamphetamine. I sentenced him to 360 months' imprisonment and five years' supervised release. Angeles-Moctezuma now argues, among other things, his plea was not knowing and voluntary and his counsel was ineffective. For the following reasons, I will deny Angeles-Moctezuma's motions.

## Background

In 2016, a grand jury returned a 21-count Superseding Indictment against 42 defendants, alleging a vast drug-trafficking ring that transported methamphetamine from California to Missouri. The Indictment identified Angeles-Moctezuma as a

supplier of the meth and charged him with one count of conspiracy to distribute more than fifty grams of actual methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Case No. 4:16CR426 ("Criminal Case") ECF 226.)

On June 13, 2018, the morning his trial was scheduled to begin, Angeles-Moctezuma pleaded guilty.[1] The plea was not the result of a negotiated settlement, and the parties made no recommendation as to his sentence. However, before accepting his plea, I ensured he knew that his crime carried a sentence ranging from ten years to life imprisonment and that the United States Probation Office would prepare a Presentence Report to help calculate his sentence.

In the Presentence Report, the Probation Office determined that Angeles-Moctezuma was accountable for conspiring to distribute more than 4.5 kilograms of methamphetamine. After considering other characteristics of the crime—including Angeles-Moctezuma's possession of a firearm and his role as leader of extensive criminal activity—as well as his criminal history and acceptance of responsibility, the Probation Office concluded that his Total Offense Level was 42 under the United States Sentencing Guidelines. The sentencing range for that offense level is 360 months to life imprisonment. U.S. Sent'g Guidelines Manual Ch. 5, Pt. A.

---

[1] The plea hearing was conducted with the aid of sworn interpreters to interpret Spanish into English and English into Spanish. (Criminal Case ECF 2292 at p. 3.)

Angeles-Moctezuma objected to several findings in the Presentence Report and filed a motion for downward departure and variance. As relevant here, he argued that he should only be accountable for fifty grams of methamphetamine because that was all he admitted to in his plea. (Criminal Case ECF 2296; Criminal Case ECF 2332 at p. 160.)

At a lengthy sentencing hearing on October 5, 2018, the Government presented evidence supporting the Presentence Report's findings, primarily in the form of testimony from an agent for the Drug Enforcement Administration. At the conclusion of the hearing, I found that "the Government ha[d] shown by way more than a preponderance of the evidence that the calculations in the Presentence Report [were] not only correct but conservative." (Criminal Case ECF 2332 at pp. 162-63.) I found that the Government had presented evidence "of somewhere between 68 and 70 pounds of methamphetamine," and "in terms of kilos, additionally, another 28 or more kilos of methamphetamine." (*Id.* at 163.) I accordingly denied Angeles-Moctezuma's motions and objections and sentenced him to 360 months' imprisonment—the lowest sentence under the advisory guidelines.

Angeles-Moctezuma appealed, arguing that the Court erred in three ways: "(1) by basing its Guidelines calculations on unreliable hearsay evidence, (2) by denying his motion for a downward departure pursuant to U.S.S.G. § 5H1.6, and

(3) by denying his motion for a downward variance." *United States v. Angeles-Moctezuma*, 927 F.3d 1033, 1035 (8th Cir. 2019). The Eighth Circuit denied each of these arguments and affirmed the judgment.

Angeles-Moctezuma then filed this motion to vacate his sentence. In his own words, he argues:

> A) "Petitioner's counsel was ineffective for failing to advise on potential guideline calculations and failing to object to the sentence that was above the statutory maximum in violation of *Apprendi*;"
>
> B) "Petitioner's guilty plea was not knowing, intelligent, and voluntary;"
>
> C) "The Indictment was constitutionally deficient and petitioner's counsel was ineffective for his failure in appealing the denial of pretrial motions;" and
>
> D) "Petitioner challenges the constitutionality and legality of the judgment of conviction and sentence."

(ECF 1.) Angeles-Moctezuma later filed a motion for appointment of counsel. After the Government responded to his motion, he also filed a motion to file a supplemental motion for § 2255 relief.

## Discussion

**Ground A**

In Ground A, Angeles-Moctezuma argues that his counsel was ineffective for two reasons. First, he argues that his counsel failed to inform him that the Court could calculate the drug quantity "severely above" the fifty grams he admitted to in his guilty plea. (ECF 1 at p. 3.) He alleges that he was under the

- 4 -

impression that his base offense level would be no greater than thirty, the base offense level for fifty grams of actual methamphetamine. He claims that if he knew the Court could find that he was responsible for more than that amount, he would not have pleaded guilty.

Second, he argues that his counsel was ineffective for failing to object to his sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Angeles-Moctezuma argues that I violated *Apprendi* by finding that he was accountable for 4.5 kilograms of methamphetamine, thereby increasing his penalty.

To prevail on his claim for ineffective assistance of counsel, Angeles-Moctezuma must satisfy the two-prong test in *Strickland v. Washington*, 466 U.S. 668 (1984). He must show both that (1) his attorney's performance "fell below an objective standard of reasonableness," *Id.* at p. 688, and (2) that his counsel's deficient performance prejudiced him, that is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at p. 694. When a movant claims that ineffective counsel caused him to plead guilty, he must show a "reasonable probability that, but for counsel's errors, he would not have [pled] guilty and would have insisted on going

to trial." *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1103 (8th Cir. 2011) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Neither of Angeles-Moctezuma's arguments meet this standard.

His first argument fails because his counsel was not required to advise him that he might be held accountable for more than fifty grams of methamphetamine. In *United States v. Davis*, the Eighth Circuit rejected a nearly identical argument for § 2255 relief. 508 F.3d 461 (8th Cir. 2007). In that case, the movant pleaded guilty to conspiring to distribute more than 500 grams of meth, but, after a sentencing hearing, the district court determined he was responsible for 14.95 kilograms and sentenced him accordingly. In his § 2255 motion, the movant argued that his counsel "failed to adequately advise him of the sentencing implications of pleading guilty, specifically that he might receive a longer sentence because he might be held accountable for more than 500 grams of methamphetamine." *Id.* at 463. The Eighth Circuit denied his argument because both the movant's counsel and the Court informed him of the minimum and maximum statutory penalties before he entered his plea. It explained that "[a] defendant is not constitutionally entitled to more advice than this." *Id.* (citing *United States v. Granados*, 168 F.3d 343, 345 (8th Cir. 1999)).

Angeles-Moctezuma's argument fails for the same reason: "a defendant who pleads guilty has no right to be apprised of the sentencing options outside the

statutory maximum and minimum sentences." *Granados*, 168 F.3d at 345. Angeles-Moctezuma does not claim that his counsel failed to inform him of this statutory range. Thus, he has not alleged conduct falling below an objective standard of reasonableness. But even if counsel failed to inform him of the statutory range of punishment, Angeles-Moctezuma cannot show that he was prejudiced by this failure because I ensured he knew the statutory range before accepting his guilty plea:

> [The Court:] All right. The crime you are pleading guilty to carries a mandatory minimum sentence of 10 years and a maximum imprisonment of life – a maximum of life imprisonment. So the sentence must be a minimum of 10 years, and it will be a maximum of life. Do you understand that?
>
> [Angeles-Moctezuma:] Yes.

(Criminal Case ECF 2292 at p. 8.) Knowing the statutory range of punishment, Angeles-Moctezuma still pleaded guilty.

Angeles-Moctezuma's second argument is premised on a misreading of his superseding indictment. He claims that his indictment did not charge him with conspiring to distribute a specific drug quantity, and the maximum statutory sentence for a drug offense that does not specify a drug quantity is twenty years. *See* 21 U.S.C. § 841(b)(1)(C). He therefore concludes my finding that he was responsible for 4.5 kilograms increased his penalty beyond this statutory maximum.

But the superseding indictment *did* specify a drug quantity. Both his original indictment and his superseding indictment specified that he conspired to distribute more than fifty grams of methamphetamine, and Angeles-Moctezuma admitted the same at his change of plea hearing. (Criminal Case ECF 2 at p. 12; Criminal Case ECF 227 at p. 14.) His sentence of 360 months does not exceed the statutory maximum for that quantity—life imprisonment. Thus, any objection that my finding increased his sentence beyond the prescribed statutory maximum would have been meritless. Counsel is not ineffective for failing to raise meritless arguments. *See Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994).

Because Angeles-Moctezuma has failed to show that his counsel was ineffective or that he was prejudiced by his counsel's failure, I will deny Ground A.

**Ground B**

Angeles-Moctezuma next argues that his guilty plea was not knowing, intelligent, and voluntary because he did not know Court could hold him accountable for more than fifty grams of methamphetamine.

Angeles-Moctezuma procedurally defaulted this claim by failing to raise it on appeal. Generally, "a petitioner may not raise an issue before the district court for the first time in a § 2255 motion if the issue was not presented on direct appeal from the conviction." *Jennings v. United States*, 696 F.3d 759, 762 (8th Cir.

2012). To obtain collateral review of a procedurally defaulted claim, "a habeas petitioner must show either that there was cause for his procedural default and actual prejudice, or that he is actually innocent of the crime for which he was convicted." *Id.* at 764. Angeles-Moctezuma does not attempt to show cause and prejudice for his failure to raise this claim on appeal, nor does he argue that he is actually innocent. His claim is therefore procedurally barred.

Even if he had preserved his claim for collateral review, it would fail on the merits. As explained above, the defendant "has no right to be apprised of the sentencing options outside the statutory maximum and minimum sentences." *Granados*, 168 F.3d at 345. Instead, a plea is knowing and voluntary when a defendant is informed of and waives his privilege against self-incrimination, his right to trial by jury, and his right to confront witnesses. *Brady v. United States*, 397, U.S. 742, 748 (1970). Further, a plea is knowing if the defendant "receives real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998). Here, I thoroughly explained the elements of Angeles-Moctezuma's offense and the rights he would waive by pleading guilty.

Moreover, I am unpersuaded that Angeles-Moctezuma was unaware that he could be held responsible for more than fifty grams of meth. His indictment clearly states that he possessed and conspired to distribute *more than* fifty grams.

In any event, I explained to Angeles-Moctezuma how the sentencing guidelines and facts about the crime would affect his sentence:

> [The Court:] The sentence will also be affected by the sentencing guidelines. . . .  The guidelines are an advisory system, meaning a judge does not have to follow the recommendations of the guidelines.  What we have to do, however, is review the Presentence Report and determine what the guidelines calculations are, and then I can determine whether you're eligible for any departures for the reasons listed in the guidelines, *and then I can consider other facts about you and your background and the crime in the case and the purpose of sentencing to help me come up with the correct sentence.*  To help me do all that, we will have a Presentence Report prepared.  That report will contain a lot of information about you and your background.  *It will also provide information about the crime in the case* and any prior convictions you might have. . . . So do you understand generally the way the sentencing process works?
>
> [Angeles-Moctezuma:] Yes.

(Criminal Case ECF 2292 at pp. 9-10 (emphasis added).)  Angeles-Moctezuma's claimed misunderstanding of how the guidelines would apply to him does not make his guilty plea unknowing.  *See generally United States v. Ramirez-Hernandez*, 449 F.3d 824, 826 (8th Cir. 2006) ("A defendant may not withdraw a plea, however, merely because he misunderstands how the sentencing guidelines will apply to his case.")

I will accordingly deny Ground B.

**Ground C**

In Ground C, Angeles-Moctezuma argues that the indictment was constitutionally deficient because it failed to specify essential facts that would have permitted him to prepare a defense, such as drug quantity or drug purity. Though the Court rejected this argument when he raised it in his motions to dismiss and for a bill of particulars, Angeles-Moctezuma insists that his argument is meritorious and his counsel was ineffective for failing to raise it on appeal.

To succeed on his claim, Angeles-Moctezuma must show both that his appellate counsel's performance was deficient and that this deficiency prejudiced him. He fails to satisfy either prong because he does not show, let alone argue, that there is a reasonable probability that his appeal would be successful. And counsel is not ineffective for failing to raise meritless claims on appeal. *See Garrett v. United States*, 78 F.3d 1296, 1305 (8th Cir. 1996).

In a Memorandum, Order, Report, and Recommendations, Magistrate Judge Bodenhausen, to whom pretrial matters were assigned, considered Angeles-Moctezuma's motions and explained that both were untimely. (Criminal Case ECF 1488.) Angeles-Moctezuma did not file the objections until August 16, 2017, eight months after the Court's deadline. Because Angeles-Moctezuma failed to show good cause for his tardiness, as required by Federal Rule of Criminal

- 11 -

Procedure 12(c)(3), he waived his right to challenge the indictment. *See United States v. Boykin*, 794 F.3d 939, 944 (8th Cir. 2015).

Nevertheless, Judge Bodenhausen evaluated the substance of the motions and found that neither had merit. He explained that "an indictment provides sufficient specific facts constituting the offense if it apprises the defendant of the time frame of the alleged drug conspiracy and the type of drugs involved." (Criminal Case ECF 1488 at pp. 7-8 (quoting *United States v. Huggans*, 650 F.3d 1210, 1217 (8th Cir. 2011)).)  The superseding indictment more than satisfied this standard: not only did it provide the dates of the conspiracy and the drugs involved, but it also detailed specific events, including the dates of the events and the other co-conspirators' involvement. (Criminal Case ECF 226 at pp. 3-14.) He therefore recommended that I deny Angeles-Moctezuma's motion to dismiss, and I accepted his recommendation.

Judge Bodenhausen also explained that Angeles-Moctezuma was not entitled to a bill of particulars because he was provided sufficient information to prepare a defense. The superseding indictment described the conspiracy in considerable detail, and the government supplied well-organized discovery to the defendants. He therefore denied Angeles-Moctezuma's motion for a bill of particulars.

Angeles-Moctezuma does not address Judge Bodenhausen's reasoning at all. He does not argue that there was good cause for filing these motions eight months after the Court's deadline, nor does he identify any basis for reversing the Court's rulings. Even if his counsel had appealed the Court's decisions on these motions, Angeles-Moctezuma has not shown that the appeal would be successful. Therefore, he has not shown that his counsel's performance was ineffective for failing to raise these arguments on appeal, or that he was prejudiced by this performance. I will accordingly deny Ground C.

**Ground D**

In his final ground for relief, Angeles-Moctezuma argues that the Court lacked subject-matter jurisdiction to impose his sentence because the Comprehensive Crime Control Act of 1984 was "only in force and operable during the applicable fiscal year." (ECF 1 at p. 14.) Angeles-Moctezuma procedurally defaulted this claim by failing to raise it on appeal. He does not argue that there is cause for his default or that he is actually innocent. I will accordingly deny Ground D.

**Motion to Supplement**

On April 19, 2022, nearly two and a half years after he filed his original § 2255 motion, Angeles-Moctezuma filed a "Motion for Leave to File Supplemental Motion to Government's Response to Petitioner's 28 U.S.C. 2255

Motion." (ECF 9.) To the extent the proposed supplemental motion attempts to raise new grounds, it is untimely. Under § 2255(f)(1), a one-year period of limitation applies to motions to vacate, set aside, or correct sentence, starting from the latest of several dates. Angeles-Moctezuma's motion is well-outside that time period starting from any of those dates. To the extent the proposed supplemental motion rehashes the contents of his earlier motion or argues the same grounds in slightly different fashion, it is unnecessary and cumulative. I will accordingly deny his motion.

## Motion for Appointment of Counsel

I will not appoint counsel to assist Angeles-Moctezuma with his claim. There is neither a constitutional nor a statutory right to counsel in § 2255 proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); 28 U.S.C. § 2255(g). Angeles-Moctezuma has ably presented his claim to the Court, and the factual and legal bases of the claim are not complex. The appointment of counsel is not warranted in such circumstances. *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000); *Scott v. United States*, No. 1:20-CV-00098 JAR, 2020 WL 5880360, at *1 (E.D. Mo. Oct. 2, 2020).

## No Evidentiary Hearing is Warranted

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is

- 14 -

entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which is based." *Id.* (internal quotation marks and citations omitted). The record conclusively refutes Angeles-Moctezuma's claims, so I will not hold an evidentiary hearing.

## Certificate of Appealability

As Angeles-Moctezuma has not made a substantial showing of the denial of a federal constitutional right, I will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that Israel Angeles-Moctezuma's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [1] is denied.

**IT IS FURTHER ORDERED** that Angeles-Moctezuma's Motion for Appointment of Counsel [4] is denied.

**IT IS FURTHER ORDERED** that Angeles-Moctezuma's Motion for Leave to File Supplemental Motion to Government's Response [9] is denied.

A separate judgment in accord with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of February, 2023.